

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George W. Cox, M. D.
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-1446
Re: Appropriation for the Bedding Division
of the State Department of Health,
under Senate Bill 200.

Your letter of September 13, 1939, states:

"First, under Senate Bill 200 the Legislature
appropriated $10,000.00 for the organization of
the Bedding Division of the State Department of
Health and specified that this money should be
spent before September 1, 1939 and after that
date our appropriation should come from our fees,
registrations and revenue stamps. The Bedding
Division was organized during the month of July
and we started issuing permits and revenue stamps.
During the month of July and August we collected
approximately $5,500.00 from fees, registrations
and stamps. The Comptroller has now raised the
question as to whether we may use this $5,500.00
since that money was collected and deposited dur-
ing the last fiscal year."

Upon this state of facts, you ask the opinion of this
department upon the following questions:

1. Whether the $5,500.00 can be used by the
Bedding Division in carrying out the provisions of Senate
Bill 200, or whether you will be limited to the amount col-
lected since the beginning of this fiscal year.

2. Whether you can spend the $34,000.00 as appropriat-
ed by the Legislature for the present fiscal year without be-
ing checked by the Comptroller from day to day and month to
month to determine if the earnings of the Bedding Division
equal its expenditures.

3. Whether, if it be determined that the $5,500.00 is not available under the appropriation for the present fiscal year, that sum will revert to the General Revenue Fund or will be held in the General Revenue Fund to the credit of the Bedding Division subject to being appropriated at a later date.

The pertinent provisions of Senate Bill 200, Acts of the 46th Legislature, Regular Session, are as follows:

"Section 8. Proceeds placed in General Fund:

"All moneys obtained from the sale of stamps, fees and other moneys collected in the administration of this act shall be payable to the department, and when collected shall thereafter be transmitted to the State Treasury and be placed in the General Fund and be appropriated out in such amount that may be deemed necessary by the Legislature. In the administration of this enactment the regular departmental appropriation bill will be adopted.

"Sec. 8a. There is hereby appropriated immediately out of the general fund of the State Treasury not otherwise appropriated a sum of $10,000.00 to carry out the purposes and provisions of this act for the remainder of the fiscal year ending August 31, 1939, such funds to be disbursed by order of the State Health Officer and the Treasurer of this state.

"Sec. 8b. The several sums of money herein specified or so much thereof as may be necessary, are hereby appropriated out of any moneys in the State Treasury not otherwise appropriated to carry out the purposes and provisions of this act for the two year period beginning September 1, 1939, and ending August 31, 1941: ..." (Here follows an itemized appropriation for the use of the department, totaling for the fiscal year ending August 31, 1940, the sum of $34,400.00, and for the fiscal year ending August 31, 1941, the total sum of $28,350.00).

"Sec. 8c. The expenditure of any moneys under this act shall never exceed the amount of money obtained from the collection of money required by any fee, permit, license or registration required by the provisions of this act."

Hon. George W. Cox, Page 3.

As held in our opinion O-1311, it was contemplated by the Legislature that, to inaugurate the governmental service provided by Senate Bill 200, there should be made available for immediate use by your department, extending to the end of the fiscal year, August 31, 1939, the sum of $10,000. Thereafter, it was contemplated that the department should be self-supporting, and that the amount of its expenditures should not exceed the amount of its receipts.

It follows, for the reasons stated in opinion O-1311, that it was not intended that the expenditure of the $10,000 original appropriation should be controlled by the receipts collected by the Bedding Division. The service necessarily could not be inaugurated without expenditures being made prior to the collection of any receipts by the department, and to apply Section 8c to the $10,000 appropriation, therefore, would be to place a construction upon the Act that would prevent the administration of the Act and defeat the legislative intent.

It will be observed that the Act does not create a special "bedding" fund, but provides that the receipts of the department shall be placed in the General Fund. It is intended and provided, by the Legislature, that the expenditures of the Bedding Division, after August 31, 1939, shall not exceed the receipts collected in administering the Act, and, of course, that no amount may be expended by the Bedding Division in excess of the maximum fixed by the Legislature in the appropriations contained in the Act. The amount of the receipts under the Act is to be determined from the inauguration of the division, and not from the date when its $10,000 appropriation expired.

The question is not one of availability of the receipts of the department prior to August 31, 1939, for expenditure, but of their availability as a measuring stick to determine how much of the money appropriated for the use of the Bedding Division may be expended by it. There is nothing in the Act requiring that only the receipts of the division after August 31, 1939, may be used to measure the availability of appropriated funds for expenditures, and a reasonable interpretation of the Act compels the conclusion that it was not thus intended by the Legislature.

In response to your second question, you are advised that the limitation placed by the Legislature on the expenditure of appropriated funds by the Bedding Division, that such expenditures shall not exceed the receipts of the

division, of necessity requires that an accurate check of the total receipts of the division, balanced against its total expenditures, be kept. It follows that no warrant may be issued by the Comptroller against your appropriations unless your total receipts exceed your total expenditures by the amount of the warrant at the time its issuance is requested.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED SEP 1?, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *Bus*
CHAIRMAN